21135—The Charles Behlen Sons Co v. Edwin A. Ricketts. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Sam'l Rotter, Cincinnati, for plaintiff; Miller & Elston, Cincinnati, for defendant.

**May 4, 1928**

21136—Adolph Netzel v. Dr. George M Todd. Motion for an order directing the Court of Appeals of Lucas county to certify its record. E. Z. Shapiro, Cleveland, for plaintiff; Howell, Roberts & Duncan, Cleveland, and Doyle & Lewis, Toledo, for defendant.

21137—George H Bender v. B. F. McDonald, State Prohibition Commissioner. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. G. O. Farquharson, Cleveland, for plaintiff; John A. Elden, Cleveland, for defendant.

21138—Irene A. L. Lembright v. The Aetna Life Insurance Co. Motion for an order directing the Court of Appeals of Erie county to certify its record. J. F. Hertlein and H. L. Peeke, Sandusky, for plaintiff; King, Ramsey & Flynn, Sandusky, for defendant.

**May 5, 1928**

21139—Frances Chapman, Admrx, v. City of Youngstown et al. Motion for an order directing the Court of Appeals of Mahoning county to certify its record. Payer, Minshall, Karch & Kerr, Cleveland, for plaintiff; Henderson & Kennedy, Youngstown, for defendants.

21140—Ernest E. Fenton et al v. Charles W. Askew, Admr. Motion for an order directing the Court of Appeals of Ashtabula county to certify its record. C. L. Shaylor, Ashtabula, for plaintiffs; H. E. Starkey, Jefferson, for defendant.

21141—John Connors et al v. George H. Bender. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. George C. Dissette, Cleveland, for plaintiff; G. O. Farquharson, Cleveland, for defendant.

## PROCEEDINGS OF SUPREME COURT

### GENERAL DOCKET
#### Wednesday, May 9, 1928

18456—The Hardin-Wyandot Lighting Co. v. Public Utilities Commission. Order affirmed. Dock. 2 Abs. 226.

21009—City of Bellaire v. Anna Meyer et al. Belmont. Petition in error filed as of right dismsised, no debatable constitutional question involved. Dock. 6 Abs. 189.

20798—Standard Sanitary Manufacturing Co. v. Katherine George et al. Cuyahoga. Judgment reversed. Dock. 5 Abs. 733.

20937—John Boyer v. ex rel Edgar M. Halyburton. Stark. Judgment reversed. Dock. 6 Abs. 93.

### MOTION DOCKET

21009—City of Bellaire v. Anna Meyer et al. Motion by defendant to dismiss petition in error filed as right. Sustained. Dock. 6 Abs. 189.

21079—Benjamin Schan v. The George Worthington Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 253.

21080—Bayard T. Wright v. Arthur H. Clark et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Allowed. Dock. 6 Abs. 269.

21081—Murray G. Millhouse et al v. The Regal Oil Refining Co. Motion for an order directing the Court of Appeals of Miami county to certify its record. Overruled. Dock. 6 Abs. 269.

21083—C. W. Troll et al v. The Great Lakes Coal Mining Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 269.

21085—The Carey Co. et al v. Michael Mantsch et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 269.

21086—Industrial Commission of Ohio v. Frederico Gardinio. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Allowed. Dock. 6 Abs. 269.

## SYLLABI
## Ohio Supreme Court

### HARDIN-WYANDOT LIGHTING CO. v. P. U. C.

Ohio Supreme Court.

No. 18456. Decided May 9, 1928.

Error to P. U. C.

Order affirmed.

**973. PUBLIC UTILITIES COMMISSION—941. Practice and Procedure.**

1. Where, in proceeding before Public Utilities Commission for valuation of public utility, counsel for utility orally stipulates with Commission, that appraisal made in earlier case shall be used, utility cannot later complain that valuation employed is not value of property as of date certain.

2. Where use of such valuation has resulted in substantial addition over value claimed by utility, fact that one item amounting to less than such addition has been omitted in valuation, does not justify reversal of order of commission.

3. Where rate controversy involves rates charged in particular municipality, only property used therein should be valued.

4. Where substantial allowance has been made for organization, interest, engineering, law expenditures, taxes and general expenses during construction, and contingencies and omissions, reversal not required for failure to make specific allowance for going concern unless total valuation appears to be less than actual value as going concern.

ALLEN, J.

1. Where, in a proceeding for valuation of the property of a public utility before the Public Utilities Commission, counsel for the utility

orally stipulates with the Public Utilities Commission that an appraisal already made in an earlier case should be used in a pending proceeding, that the two cases should be consolidated and the same valuation be found in both cases, and when the use of the appraisal in the earlier case involves the employment of a five-year trend rule for ascertaining the average cost of reproducing the property of the utility, counsel for the utility cannot later complain that the valuation employed is not the value of the property as of a date certain.

2. Where the use by the commission as a basis for its valuation of trend prices for a period of five years, instead of prices as of a date certain, has resultd in a substantial addition to the valuation of the property, over that claimed by the utility, from the use of prices as of such date certain, the fact that one item amounting to less than such addition has been omitted in the valuation, does not justify a reversal of the order of the commission.

3. When a rate controversy involves rates charged in a particular municipality, only property used and useful in furnishing service to such municipality should be valued.

4. Where the commission in its valuation of the property of a public utility makes a substantial allowance for organization, interest, engineering, law expenditures, taxes and general expenses during construction, and contingencies and omissions, without making a specific allowance for going concern, a reversal of the order of the Public Utilities Commission is not required unless the total valuation appears to be less than its actual value as a going concern. All of these items enter into the development of the utility's property and give it an added value not represented in the valuation of the physical property.

(Marshall, CJ., Kinkade, Robinson and Matthias, JJ., concur.)